REUBEN BERNSTEIN, Respondent, v. SAMUEL GREENFIELD, Appellant.— On appeal from a judgment for plaintiff in the sum of $6,000, and costs, and from an order denying defendant's motion to set aside the verdict and for a new trial, judgment reversed on the law, with costs, and complaint dismissed. Appeal from order dismissed. It was conceded that no negligence was claimed by reason of the breaking of a needle injected for the purpose of administering an anæsthetic preparatory to removal of plaintiff's tonsils. Although plaintiff's expert witness testified that it was improper practice to remove the tonsils despite the presence of the needle, no damage was shown to have resulted from such removal. The only negligence attempted to be shown was that probing for the needle was useless because the needle would probably be immediately sucked into the walls of a muscle, requiring an operation from the exterior through the neck line in order to remove it. But even this testimony on the part of plaintiff's expert was nullified by his admission that probing inside the throat might have been succesful. In the light of this admission and of the approval of the practice by another doctor, who subsequently attempted by similar probing inside the throat to remove the needle and of the undisputed proof that the location of the needle was evidenced to some extent by a prick or small opening at the place where it was inserted, and of the overwhelming proof that probing was good and proper practice, we are of opinion that the defendant was not negligent in endeavoring to remove it. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.

IRVING M. BRAKARSH, Appellant, v. LYDIA K. GINSBERG, Respondent, and MILBEND REALTY Co., INC., Intervener, Respondent. (Action No. 1.) IRVING M. BRAKARSH, Appellant, v. GRACE A. BROWN, Respondent, and MILBEND REALTY Co., INC., Intervener, Respondent. (Action No. 2.)— To enforce specific performance of separate contracts for the purchase and sale of adjoining parcels of real property, the intending purchaser brought two actions, which were tried together. Separate judgments dismissing the respective complaints on the merits were entered, and plaintiff appeals. Judgment in each case unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Taylor, JJ.